UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF SESSIONS,<br><br>    Defendant. | No. 2:17-cv-2608-EFB P<br><br>ORDER |

Plaintiff is a pretrial detainee at the Sacramento County Mail Jail. He proceeds without counsel in this civil action brought under 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis (ECF Nos. 5, 6 & 8) and a request for "pro se money to facilitate discovery and other advances" (ECF No. 9).

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2). There is however, no authority for disbursing "pro se money" as requested by plaintiff. Accordingly, that request is denied.

/////

1

Screening

I.   Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id*. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

Plaintiff brings this lawsuit against United States Attorney General Jeff Sessions for defamation and due process violations. ECF No. 1. He alleges the following:

> Jeff Sessions is responsible for the [National Crime Information Center] system reporting false convictions to law enforcement in USA. I am released from all penalties and disabilities and that includes having cops come into my bedroom and arrest me for failing to register. *Kelly v. S.F. Municourt*, (1958), says I'm released from 290 and all other penalties and disabilities.
>
> * * *
>
> I was handcuffed and drug out of my home and jailed wrongly! I've been in jail for almost a year awaiting trial!
>
> * * *
>
> I want $100,000,000 and I want NCIC to correct their defaming lies! I demand that they remove those PC 311 and PC 647 convictions from my records! I was and am released from ALL penalties and disabilities by PC 1203.4! That is the law and I must insist they obey it!

ECF No. 1 at 3-4. Plaintiff has failed to state a viable section 1983 claim.

First, to the extent plaintiff claims he has been "wrongly jailed" (ECF No. 1 at 3), his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, (1994). *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

/////

3

Second, to the extent plaintiff's request to be "released from ALL penalties" means released from custody (ECF No. 1 at 4), his claim should be brought in a habeas action. *See Nettles v. Grounds*, 830 F.3d 922, 927-931 (9th Cir. 2016) (claims which would result in immediate release if successful fall within core of habeas corpus; claims which would not necessarily affect the length of time to be served if successful fall outside core of habeas corpus and must be brought, if at all, under § 1983).

Third, it is entirely unclear from the complaint how Jeff Sessions was personally involved in any violation of plaintiff's rights. This action cannot proceed without allegations that actually put defendant on notice of the claims against him. *See* Fed. R. Civ. P. 8(a); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("All that is required are sufficient allegations to put defendants fairly on notice of the claims against them."). Plaintiff should note, however, that "[t]here is no respondeat superior liability under section 1983." *Taylor v List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Based on the foregoing, plaintiff's complaint must be dismissed with leave to amend.

<u>Leave to Amend</u>

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 5, 6 & 8) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's request for "pro se money" (ECF No. 9) is denied.

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order.

5. Failure to comply with this order may result in dismissal of this action.

DATED: February 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE