UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON HUMES,

          Plaintiff,

    v.

JEFF SESSIONS,

          Defendant.

No. 2:17-cv-2608-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* in an action brought under 42 U.S.C. § 1983. The court screened plaintiff's original complaint, deemed it deficient, and dismissed it with leave to amend. ECF No. 12. He has filed an amended complaint (ECF No. 13) which the court screens below.

## Screening

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. *See, e.g.*, *Morris v. Horel*, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

Plaintiff's amended complaint names only a singled defendant – The National Crime Information Center ("NCIC"). He claims that the NCIC is continuing to erroneously report two of his convictions that have since been expunged. ECF No. 13 at 3. But the NCIC is not a proper defendant in a section 1983 suit. As an initial matter, the Supreme Court has held that federal agencies are not amenable to suit under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1999).[1] *See Corrs. Servs. Corp. v. Malesko*, 534 U.S. 61, 69-70 (2001). And the NCIC is not, strictly speaking, an agency at all. Rather, it is a data system administered by the Federal Bureau of Investigation. *See Case v. Kitsap County Sheriff's Dept.*, 249 F.3d 921, 923 (9th Cir. 2001) ("That warrant was entered into the National Crime Information Center computer system ("NCIC"), which is a national criminal records data system administered by the Federal Bureau of Investigation. NCIC contains criminal history information, including outstanding arrest warrants, and is available to police departments nationwide.") (internal citations omitted). It is well settled that, "[t]o state a *Bivens* claim, the plaintiff must allege facts showing that *a person* acting under color of federal law deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution." *Henthorn v. Turrentine*, 1993 U.S. App. LEXIS 21743, * 3 (9th Cir. 1993) (unpublished). A data system is not a "person" within the meaning of section 1983 or *Bivens*.

For the foregoing reasons, this claim must be dismissed.

Leave to Amend

The court has already afforded plaintiff one chance to file an amended complaint and, having done so, he is no closer to stating a cognizable claim. Consequently, it declines to offer him further opportunity to amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10

/////

---

[1] An action brought under *Bivens*, is the equivalent of a § 1983 action, but against federal officials. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (stating that a *Bivens* action "is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.")

3

(9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

Conclusion

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's first amended complaint be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE